IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAYNE BOVA and KELLY BOVA, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No.  12–cv–86–DRH–SCW |
| ) | |
| PAUL JOSEPH HARRISON and SHOW ) | |
| ME HOME DELIVERY, ) | |
| ) | |
| Defendants. | |

# MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is Defendants' Motion to Strike Plaintiffs' Amended Complaint (Doc. 23). Specifically, Defendants seek to strike Plaintiffs' recently filed Amended Complaint (Doc. 22) because Plaintiff failed to seek leave to file the Complaint and because the deadline for filing such an amendment expired on July 3, 2012. In Response to Defendants' motion, Plaintiffs have filed a Motion to File First Amended Complaint at Law and Response to Defendant's Motion to Strike Amended Complaint (Doc. 26). Plaintiffs indicate that the failure to seek leave before filing their Amendment Complaint was inadvertent on their part. Further, Plaintiffs argue that their request to seek leave to amend is not untimely because the case has only recently been presented for a settlement conference and Defendants would not be prejudiced by the additions.

Pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 15(a)(1)** "[a] party may amend its pleading once as a matter of course" before a responsive pleading is served. Here, the time for Plaintiffs to have filed an amended complaint as a matter of course has long since past. The Scheduling and Discovery Order indicated that Plaintiffs had until July 3, 2012 in which to file an amended pleading. Therefore, Plaintiffs must now seek to amend their Complaint pursuant to **Rule 15(a)(2)** which allows

a party to "amend its pleading only with the opposing party's written consent or the court's leave." The Court notes that **Rule 15(a)(2)** further states that amendments should be freely granted "when justice so requires." As Defendants have objected to Plaintiffs' amendments, the Court would have to grant Plaintiffs leave before they may file their Amended Complaint.

The decision to grant a plaintiff leave to amend a Complaint under **Rule 15(a)(2)** is within the sound discretion of the Court. *Pugh v. Tribune Co.*, **521 F.3d 686, 698 (7th Cir. 2008);** *Orix Credit Alliance v. Taylor Mach. Works*, **125 F.3d 468, 480 (7th Cir. 1997).** However, leave to amend may be denied for several reasons including: "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party…, [and the] futility of the amendment." *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Com'n*, **388 F.3d 682, 687 (7th Cir. 2004);** *Guide v. BMW Mortgage*, **LLC, 377 F.3d 795, 801 (7th Cir. 2004);** *Knapp v. Whitaker*, **757 F.2d 827, 849 (7th Cir. 1985) (court should consider prejudice to non-moving party);** *Forman v. Davis*, **371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962);** *Orix Credit Alliance*, **125 F.3d at 480.** A court may also deny leave to amend if the proposed amendment would be futile, meaning that it would not survive a motion to dismiss. *See Soltys v. Costello*, **520 F.3d 737, 743 (7th Cir. 2008);** *Crestview Village Apts. v. U.S. Dep't of Housing & Urban Dev.*, **383 F.3d 552, 558 (7th Cir. 2004);** *Barry Aviation Inc.*, **377 F.3d at 687 and n. 3 (collecting cases).** Further, if a plaintiff seeks to add entirely new claims or parties, then the new claims must be related in some way to the claims currently in the case. *See* **FED.R.CIV.P. 20 ("All persons…may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.").**

The Court finds that Plaintiffs' proposed amendments are untimely and would prejudiced Defendants. Here, Plaintiffs seek to amend their Complaint in order to add two new claims against the Defendants, namely additional allegations of willful and wanton conduct. Plaintiffs also seek to add a prayer for punitive damages. Defendants argue that the additions are untimely. The deadline for filing amendments was July 3, 2012. Further, Defendants point out that Plaintiffs had the necessary information to add the new theories of liability in their possession, at the very latest, on March 28, 2012 when Defendants disclosed Harrison's citation and produced a copy of the Traffic Crash Report. Plaintiffs do not deny that they obtained the information at that time . Yet, they waited until October 17, 2012, over three months after the deadline for filing amended complaints had expired and well over six months after obtaining the necessary discovery from Defendants, to file their Amended Complaint. Plaintiffs fail to offer any justification for the undue delay in filing their Amended Complaint. In fact, Plaintiffs had sufficient time to conduct discovery and add the additional claims after receiving the evidence on March 28, 2012 and prior to the expiration of amendment deadline on July 3, 2012. Yet, now they seek to amend their Complaint with new allegations only a few weeks prior to the close of discovery.[1]  Plaintiffs' request simply comes too late in the litigation, and would be highly prejudicial to Defendants who now have no time to conduct further discovery regarding the new claims. *See Johnson v. Cypress Hill*, **641 F.3d 867, 872 (7th Cir. 2011) (Seventh Circuit upheld denial of leave to amend where the amendments came seven months after the plaintiff learned of the facts leading to the new complaint and the new legal theories would require additional discovery after discovery had already closed);** *Hukic v. Aurora Loan Services*, **588 F.3d 420, 432 (7th Cir. 2009) (denying amendment to complaint when request came three days before the close of discovery**

---

[1] In fact, discovery closed on November 6, 2012. However, Plaintiff filed their Amended Complaint approximately three weeks prior to the close of discovery.

**and added several new legal theories which had not been contemplated by defendants when conducting discovery on original claim).** Thus, the Court finds that Plaintiffs' motion for leave to amend is untimely and, accordingly, the Court **DENIES** Plaintiffs' motion for leave to amend (Doc. 26), **GRANTS** Defendants' motion to strike (Doc. 23) and **STRIKES** Plaintiffs' Amended Complaint (Doc. 22).

**IT IS SO ORDERED**.
DATED: November 15, 2012.

                                                  /s/ *Stephen C. Williams*
                                                  STEPHEN C. WILLIAMS
                                                  United States Magistrate Judge