# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Dwayne Bova and Kelly Bova, | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No. 3:12-cv-00086-DRH-SCW. |
| | ) | |
| vs. | ) | CJRA Track |
| | ) | |
| Paul Joseph Harrison and Show Me Home Delivery. | ) ) | |
| Defendant(s). | | |

## FINAL PRETRIAL ORDER

This matter comes before the Court for Final Pretrial Conference held pursuant to Federal Rule of Civil Procedure 16.

**I.  COUNSEL OF RECORD**

**Plaintiff's Counsel:** Eric Kirkpatrick
Kirkpatrick Law Offices, P.C.
# 3 Executive Woods Ct.
Belleville, IL 62226
618-239-6070

**Defendant's Counsel:** Bradley Hansmann
Brown & James, P.C.
800 Market St., Ste. 1100
St. Louis, MO 63101-2000
314-421-3400

**II.  NATURE OF THE CASE**

This case involves a claim for personal injuries received as a result of an automobile accident occurring on July 10, 2010. Dwayne Bova claims he suffered personal injuries when his vehicle was hit in the rear by the vehicle driven by Paul Harrison who was working for Show Me Home Delivery at the time. Kelly Bova, the wife of Dwayne Bova, has made a claim for loss of consortium. Defendants deny that Mr. Bova's injuries were caused by the accident and also deny Kelly Bova's claim for damages.

### III. JURISDICTION

    A.    This is an action for: money damages.

    B.    The jurisdiction of the Court is not disputed and is based on diversity of citizenship and the alleged value of the case exceeding $75,000.00.

### IV. UNCONTROVERTED FACTS

<u>The following facts are not disputed and have been agreed to by the parties:</u>

Plaintiff, Dwayne Bova, was operating a vehicle and was stopped for a traffic light on Illinois state route 159 in Swansea, Illinois. Defendant Paul Harrison was an employee of Show-Me home delivery and was driving one of its delivery trucks on route 159 and collided with the rear of the vehicle driven by Dwayne Bova.

<u>The parties propose to convey these facts to the jury in the following fashion:</u>

The parties agree that This Court may read these to the jury, at the Court's discretion.

### V. ISSUES

    1.  <u>Issues of law for the Court to decide:</u>

There are no issues of law for the Court to decide.

    2.  <u>Issues for the Jury to decide: liability, causation and money damages.</u>

**The Accident:**

The case involves a motor vehicle accident that occurred on July 10, 2010 in Swansea, Illinois, St. Clair County. At the time of the accident, Plaintiff was stopped at a stoplight, facing North, on North Illinois Route 159, and defendant Harrison was directly behind him as the driver of a delivery truck, also facing North. Both were stopped. Mr. Harrison then saw traffic moving in the left hand turn lane to his right and believed traffic to be moving in his lane. He began to move forward and struck the rear of Mr. Bova's vehicle, which had not moved.

**Liability:**

    A.    <u>The jury must decide whether Defendants' negligence caused the accident.</u>

Plaintiffs claim that the negligence of Defendant Paul Harrison was the cause the rear end collision. Plaintiffs claim that Defendant Paul Harrison failed to exercise ordinary care in the operation of the delivery truck he was driving at the time of the accident. Plaintiffs claim that Defendant Show Me Home Delivery is liable for the actions of its employee, Paul Harrison. Defendants deny that they are liable for the accident. Because this is a negligence action, the plaintiffs must establish that the defendant owed a duty of care to them, that he breached that duty, and that plaintiffs incurred injuries proximately caused by his breach. *Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill.2d 107, 114 (Ill. 1995). These will be issues for the jury to decide.

Defendants deny that Paul Harrison was negligent in the operation of the delivery truck and deny that they are liable. Defendants agree that Defendant Paul Harrison was an agent and employee of Defendant Show Me Home Delivery at the time of the accident. Therefore, if the jury finds that Paul Harrison is liable, it must find that Defendant Show Me Home Delivery is also liable. If the jury finds Defendant Paul Harrison is not liable, then it must also find that Defendant Show Me Home Delivery is also not liable.

B. <u>The jury must decide whether the negligence of Defendant Paul Harrison was a proximate cause of the injuries to Plaintiff Dwayne Bova.</u>

Dwayne Bova claims that the accident was a proximate cause of a torn meniscus in his right knee and the aggravation of a preexisting condition in that knee; a torn labrum in his right hip that has resulted in a recommendation for surgical repair; and the aggravation of a preexisting condition in his low back. Defendants deny that the negligence of Paul Harrison was a proximate cause of any of Dwayne Bova's injuries.

Kelly Bova, Dwayne's wife, brings a claim for loss of consortium based on the serious

and permanent injuries suffered by Dwayne Bova. Defendant denies liability for her claim.

**Plaintiff Dwayne Bova's claim for injury to his right hip:**

Plaintiff will call Dr. David King, an orthopedic surgeon, to testify about his hip injury. Plaintiff claims that the motor vehicle accident was the proximate cause of a labral tear to his right hip, and Dr. David King opines that plaintiff may need future surgery. Dr. King's opinion is that accident was a proximate cause of the labral tear in the right hip.

Plaintiff will testify that while he did have a low back injury and did have pain down his leg prior to this accident that was from the condition in his low back, he had not had pain in the same location in his hip prior to this accident.

**Plaintiff Dwayne Bova's claim for injury to his right knee:**

Plaintiff will call Dr. George Paletta, an orthopedic surgeon, to testify about his right knee injury. Plaintiff claims that the motor vehicle accident was a proximate cause of a meniscus tear in the right knee, which required surgery. Dr. Paletta opines that the meniscus tear is causally related to the accident. The surgery was performed by Dr. Paletta October 26, 2010. During the operation, Dr. Paletta also discovered a chondral defect in the right knee, and this was also repaired. Plaintiff's claim that the accident caused the meniscal tear and also was an aggravation of any preexisting conditions in the right knee

**Plaintiff Dwayne Bova's claim for the aggravation of a preexisting Condition in Bova's Low Back:**

Plaintiff acknowledges that he had a pre-existing lumbar injury and fusion, and that he had been placed on restrictions for his low back prior to this automobile accident. Specifically, plaintiff underwent a disc replacement at L5-S1 on May 19, 2009. Bova claims, however, that the accident caused him to have increased pain and symptoms in his low back and aggravation to

his existing lumbar problems for a period of time after this automobile accident. Plaintiff claims that the increase in symptoms led to some additional conservative treatment for a definitive period of time after this accident. Plaintiff does not claim that his restrictions in the low back are related to this automobile accident. Plaintiff may call Dr. Matthew Gornet to testify about his low back injury.

**Defendants' deny that Paul Harrison was a proximate cause of the injuries claimed by Plaintiff:**

Defendants deny plaintiffs' claims for damages. Defendants claim that plaintiff suffered from pre-existing injuries. Defendant intends to utilize Dwayne Bova's own medical records, along with the testimony of Dr. Beyer, to establish that Mr. Bova sustained no injury in the collision.

In particular, Mr. Bova sustained a work injury in March of 2007. Following that injury, it is Defendants' contention that Mr. Bova made regular complaints of low back pain, bilateral knee pain, and hip pain, all the way up to the time of the motor vehicle accident.

**Defense to right hip claim:**

Dr. Beyer will testify that classic complaints of hip pain include pain in the hip, and pain in the front of the thigh, and potentially quadriceps pain. The medical records will show that plaintiff was making classic complaints of right hip pain dating back to the time period following his March, 2007 work injury. For example, plaintiff complained of pain into his right hip in May of 2007. Again on August 15, 2007 he complained to Dr. Gornet that he was having pain in his right thigh, which is a classic sign of hip pain. He complained on August 21, 2008 of persistent right hip pain. All throughout his treatment, up to the accident and following, plaintiff filled out pain charts indicating pain in the right hip area, along with other areas.

On October 29, 2008, plaintiff underwent a discogram, a procedure which, Dr. Beyer explains, is designed to identify if a defect at a certain point in your spine is producing pain in certain areas. When Mr. Bova was injected with a solution in his L4-5 and L5-S1, it produced pain in his low back, and a portion of his right leg, but there is no mention in the discogram to right hip, or right thigh pain being reproduced. This, acceding to Dr. Beyer, is because the right thigh and hip pain was not caused by the low back pain, but right hip pain. After reviewing the medical records and diagnostic films, Dr. Beyer will testify that Mr. Bova has a condition called femoral acetabular impingement. This condition is basically an irregular ball and joint hip socket, which results in irregular movement of the joint, and potentially a labral tear. The condition was not caused by, and pre-existed, the motor vehicle accident.

**Defense to Right Knee Claim**

During Mr. Bova's treatment following his March 2007 work injury included recurring complaints of pain to his right knee. He had and MRI May 11, 2007 for, wherein it was indicated the purpose of the MRI was bilateral knee pain. His very expert in this case, Dr. Paletta, stated in a record in August of 2007 that Mr. Bova had patellofemoral arthrosis in both knees, and that it was clearly pre-existing to his March, 2007 workplace injury. Dr. Beyer will testify that there is no evidence at all that the accident caused the injury.

**Defense to Lumbar Claim**

Mr. Bova underwent disc replacement surgery on May 19, 2009. His recovery was positive for continued complaints of pain. On June 7, 2010, Dr. Gornet indicated that Mr. Bova would probably require permanent restrictions. On July 1, 2010, several days before the motor vehicle accident, Mr. Bova stated to Dr. Gornet that he continued to try to do normal activities, but had increasing symptoms. Then, on July 12, 2010, just days after the accident when he went

to a pre-scheduled appointment with Dr. Gornet for his back, Dr. Gornet gave him permanent restrictions, and Dr. Gornet indicated in his report that Mr. Bova's functional capacity evaluation was performed pre-accident, and so his permanent restriction assessment had nothing to do with the accident. Dr. Beyer will testify that the low back pain was not caused by the motor vehicle accident.

**Damages:**

C. <u>If the jury decides for the plaintiff on the question of liability, the jury must then decide the amount of money which will reasonably and fairly compensate him for the amount of damages proved by the evidence to have resulted from the negligence of the defendant, taking into consideration the nature, extent and duration of the injury and the aggravation of any pre-existing ailment or condition. The jury must not deny or limit Dwayne Bova's right to damages resulting from this occurrence because any injury resulted from an aggravation of a pre-existing condition or a pre-existing condition which rendered the plaintiff more susceptible to injury.</u>

If the jury finds that Paul Harrison is liable, the jury must also decide that Show Me Home Delivery is liable.

Plaintiff Dwayne Bova seeks money damages for the pain and emotional suffering he has experienced and is reasonably expected to incur in the future. He seeks money damages for the reasonable expense of necessary medical care, treatment, and services received for treatment for his injuries and the present cash value of the reasonable expenses of medical care, treatment and services reasonably certain to be received in the future. Plaintiff Dwayne Bova also seeks money damages to fairly compensate him for his loss of a normal life, meaning the temporary or permanent diminished ability to enjoy the pleasurable aspects of life.

Because of the injuries suffered by Dwayne Bova, his wife claims money damages for

loss of consortium. Kelly Bova seeks monetary compensation of a reasonable value of the loss of society, companionship and sexual relationship she had with her husband, Dwayne Bova.

Defendants deny that they are liable for any monetary damages.

## VI. WITNESSES

    A.    List of witnesses the plaintiff expects to call, including experts.

        1.    Expert witnesses (physicians).

            Dr. David King
            Dr. George Paletta
            Dr. Matthew Gornet

        2.    Non-expert witnesses.

            Dwayne Bova
            Kelly Bova
            Orville Dumstorff

            Paul Harrison
            Steve Sheer
            Ed Bradberry

    B.    List of witnesses defendant expects to call, including experts:

        1.    Expert witnesses.

            Dr. Beyer

        2.    Non-expert witnesses.

            Paul Harrison
            Steve Sheer
            Ed Bradberry

    C.    Rebuttal Witnesses.

        List of rebuttal witnesses plaintiff expects to call, including experts:

        Dr. Matthew Gornet

VII.  **EXHIBITS**

Exhibit lists previously produced.  Parties are to submit digital copies of exhibits on a format suitable to the court clerk.

VIII. **DAMAGES**

Pain and emotional suffering in an amount to be determined by the jury.

Loss of a normal life in an amount to be determined by the jury.

Past medical expenses totaling $83,348.40

Future medical of $40,000

No lost wages are claimed.

Loss of consortium for Kelly Bova in an amount to be determined by the jury.

IX.  **BIFURCATED TRIAL**

There is no reason for a bifurcated trial.

X.  **TRIAL BRIEFS**

To be submitted**.**

XI.  **LIMITATIONS, RESERVATIONS AND OTHER MATTERS**

  A.  **Trial Date.**  Trial is set for the week of October 28, 2013.

  B.  **Length of Trial**. The probable length of trial is 3 days. The case will be listed on the trial calendar to be tried when reached.

> **Mark Appropriate Box:**          JURY. . . . . . . . . X
>
>                                    NON-JURY. . . . ☐

  C.  **Number of Jurors.** There shall be a minimum of six jurors.

  D.  **Voir Dire.**  The Court will conduct the preliminary voir dire.  Participation by counsel will be permitted.  Any voir dire questions which counsel specifically want asked by the Court shall be provided to the Court prior to the panel being

seated in the courtroom.

E. **Motions in Limine.** Motions in limine shall have already been filed and responded to.

F. **Jury Instructions.** The parties must submit jury instructions by 9:00 a.m. on the first day of trial. The parties shall tender to the Court an original and one copy of each proposed instruction. The originals shall be on 8½" x 11" plain white paper without any designation or number. The copies shall be numbered, shall indicate which party tenders them, shall contain a source (e.g., "IPI 2.01"), and shall include a legend indicating whether the instruction was:
____ withdrawn   ____ given   ____ given as modified   ____ refused.

If possible, instructions also should be submitted to the Court on diskette. Counsel shall provide copies of all proposed instructions to opposing counsel at or before the time they are tendered to the Court. Counsel should submit to the Court copies of any cases relied on as authority for jury instructions.

**IT IS ORDERED** that the Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on motion of counsel or *sua sponte* by the Court.

DATED: September 26, 2013

Digitally signed by David R. Herndon
Date: 2013.09.26 11:24:24 -05'00'

CHIEF JUDGE
UNITED STATES DISTRICT COURT

APPROVED AS TO FORM AND SUBSTANCE:

  /s/ ERIC KIRKPATRICK
ATTORNEY FOR PLAINTIFF(S)


  /s/ BRADLEY HANSMANN
ATTORNEY FOR DEFENDANT(S)