IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DWAYNE BOVA and KELLY BOVA,

Plaintiffs,

v.

PAUL JOSEPH HARRISON and
SHOW ME HOME DELIVERY,

Defendants.                                                    No. 12-0086-DRH

## ORDER

**HERNDON, Chief Judge:**

Now before the Court are defendants' motions in limine (Doc. 40) and defendants' motion relating to plaintiffs' intent to call Dr. Matthew Gornet as an expert (Doc. 41). Plaintiffs filed responses (Docs. 45 & 46). Based on the following, the Court reserves ruling, grants in part and denies in part the motions in limine and denies as premature the motion relating to Dr. Gornet.

First, defendants move the Court to prohibit plaintiffs from calling any witness not disclosed in the Rule 26(a) pretrial disclosures. At this point, the Court **reserves** ruling on this issue. The Court will handle this issue after this matter is fully addressed.

Next, defendants move to prohibit the introduction of any tangible or documentary evidence not previously disclosed through discovery and not identified on the parties' exhibit lists. Plaintiffs do not object. Thus, the Court

**grants** defendants' request.

Defendants also move to prohibit non-expert witnesses from testifying to causation of injuries or damages, necessity or reasonableness of medical treatment and expenses, medical opinions or medical causation. Plaintiffs agree with the exception that plaintiff Dwayne Bova may testify to the perception of his health including the onset of pain or worsening of his pain. Pursuant to Federal Rule of Evidence 701, the Court **grants** this motion in limine as posed. For example, the plaintiff's concern that he be able to testify about is perception of his health and onset of pain is not the same as giving a causation opinion or an opinion about the reasonableness of treatment.

Further, defendants move to prohibit Dwayne Bova from testifying as to any conversations between him and a medical professional concerning his alleged symptoms or medical conditions. Plaintiffs do not object. Thus, the Court **grants** this request.

Defendants move to prohibit any of Dwayne Bova's treating physicians from offering controlled expert testimony. Specifically, defendants maintain that plaintiffs' physicians should not be allowed to offer opinions regarding causation, prognosis or the future impact of an injury. In their response, plaintiffs state: "Defendant's counsel has represented that the motions regarding the testimony of Dr. King and Dr. Paletta are being withdrawn." As to Dr. Gornet, plaintiffs argue that the medical records made by Dr. Gornet do outline his opinion that the automobile accident was an aggravation of his pre-existing condition; that Dr.

Gornet outlined a definitive period of time for the aggravation and that defendants were in possession of these records and that the records were reviewed by Dr. Beyer, defendants' expert prior to Dr. Beyer's preparation of his expert report.

Rule 26(a)(2) requires parties to disclose, at a time set by the court or in the alternative by the rule, the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Fed.R.Civ.P. 26(a)(2)(A), (C). Subsection (a)(2)(B) of Rule 26 imposes an additional requirement relating to any witness who is retained or specially employed to present expert testimony; such a witness must provide a written report setting forth, *inter alia*, the opinions to be offered and the basis therefor.

> "[A] treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed to be one 'retained or specially employed to provide expert testimony in the case,' and thus is required to submit an expert report in accordance with Rule 26(a)(2)."

*Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011)(quoting *Myers v. National Railroad Passenger Corp.*, 619 F.3d 729, 734-35 (7th Cir. 2010)). "*Myers* applies to a physician's opinion as to the *cause* of an injury determined for the purpose of litigation, which is different from a physician's opinion as to the *effects* of the injury at the time of the treatment." *Id.* (citing *Myers*, 619 F.3d at 734-35). Further, the Seventh Circuit has set forth a four prong test regarding Rule 26:

> The following factors should guide the district court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or

willfulness involved in disclosing the evidence at an earlier date.

*Id.* (citing *Westefer v. Snyder*, 422 F.3d 570, 585 n.21 (7th Cir. 2005)).

Based on the applicable law, the Court **denies** as premature this motion in limine as the Court does not have the evidence before it to decide this issue.

Next, defendants move the Court to prohibit the introduction of any evidence or testimony that any party to this case or his or her counsel made any offers to settle the case. Plaintiffs do not object. Thus, the Court **grants** this motion in limine.

Defendants also move the Court to prohibit plaintiffs from informing the jury that a defendant is insured against liability. Plaintiffs do not object. Thus, the Court **grants** this motion in limine.

Defendants move to exclude witnesses from the courtroom when not testifying to prevent the shaping of testimony by one witness to match that of another and to discourage fabrication. Plaintiffs do not object. Thus, the Court **grants** this motion in limine.

Defendants further move the Court to prohibit any reference to or evidence regarding the financial status of defendants. Plaintiffs agree. Thus, the Court **grants** this motion in limine.

Defendants also move the Court to prohibit any reference by plaintiffs' counsel to defendants' counsel as "insurance lawyer," or any references to "adjusters," or as "claim handlers" or any similar reference which would imply or suggest that any defendants are covered by liability insurance. Plaintiffs agree.

Page **4** of **6**

Thus, the Court **grants** this motion in limine.

Defendants move the Court to prohibit evidence of Paul Harrison receiving a traffic citation immediately after the accident at issue and any evidence of traffic citations that Paul Harrison received before the accident at issue. Plaintiff asserts that the ticket that Harrison received is not admissible but that it is relevant that Harrison's license was suspended. The Court **reserves** ruling on these issues as it is unclear whether Harrison's license was suspended before or after the accident.

Lastly, defendants move to prohibit during any phase of the trial testimony or evidence as to the costs or fees incurred in defending the lawsuit; personal beliefs or past experience of counsel; that this motion was filed; that defendant Show Me Home Delivery is a corporation and any prior jury trial verdicts or lawsuits. Plaintiffs do not object. Thus, the Court **grants** this motion in limine.

As to defendants' motion regarding Dr. Gornet, the Court denies the motion as premature. Based on the case law stated above pertaining to Rule 26(a) and the the treating physicians' testimony, the motion is premature. The Court is not privy to the medical records and the motion is premature as to what Dr. Gornet would say about any opinion he rendered during and in connection with Dwayne Bova's treatment.

Accordingly, the Court **RESERVES ruling**, **GRANTS in part** and **DENIES in part** defendants' motions limine (Doc. 40). Further, the Court **DENIES** as

premature defendants' motion relating to plaintiff's intent to call Dr. Matthew Gornet as a expert witness (Doc. 41).

**IT IS SO ORDERED.**

Signed this 2nd day of October, 2013.

Digitally signed by David R. Herndon
Date: 2013.10.02
16:06:12 -05'00'

**Chief Judge**
**United States District Court**