## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DWAYNE BOVA,**

**Plaintiff,**

**v.**

**PAUL JOSEPH HARRISON and**
**SHOW ME HOME DELIVERY,**

**Defendants.**                                           **No. 12-0086-DRH**

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Pending before the Court is plaintiff's Bill of Costs (Doc. 60).  Specifically, plaintiff asks for $4,245.25 in costs which include: (1) $246.00 for fees of the Clerk; (2) $93.00 for fees for service and subpoena; (3) $1,406.25 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case; and (4) $2,500.00 for witnesses. Defendant objects to only the $2,500 for witnesses.

Rule 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs ..." *Cefalu v. Vill. of Elk Grove,* 211 F.3d 416, 427 (7th Cir. 2000).  There is a presumption in favor of the award of costs, and in order to overcome that presumption, "the losing party bears the burden of an affirmative showing that taxed costs are not

appropriate." *Beamon v. Marshall & Ilsley Trust Co.,* 411 F.3d 854, 864 (7th Cir. 2005) (citing *M.T. Bonk Co. v. Milton Bradley Co.,* 945 F.2d 1404, 1409 (7th Cir. 1991)). Thus, Rule 54(d)(1) establishes "a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago,* 469 F.3d 631, 634 (7th Cir. 2006). The Seventh Circuit recognizes "only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003); *see also, Riveria*. 469 F.3d at 634.

Although the prevailing party is, thus, presumptively entitled to costs, not all of the costs of litigation are recoverable. "[A] district court may not tax costs under Rule 54(d) unless a federal statute authorizes an award of those costs." *Republic Tobacco Co. v. N. Atl. Trading Co.,* 481 F.3d 442, 447 (7th Cir. 2007). The list of recoverable costs pursuant to 28 U.S.C. § 1920 includes: (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness and printing fees and expenses, (4) fees for copies or papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. 28 U.S.C. § 1920. Taxing costs against the non-prevailing party requires two inquiries: (1) whether the cost is recoverable, and (2) whether the amount assessed is reasonable. *See Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000). Further, 28 U.S.C. § 1924 requires that the party filing the bill of

costs verify the claimed items by attaching an affidavit attesting "that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." Plaintiff did so in this case.

As to the costs that defendants do not object to the Court has reviewed those costs and finds them to be reasonable. Thus, the Court **AWARDS** plaintiff $246.00 for fees of the Clerk; $93.00 for fees for service of summons and subpoena and $1,406.25 for fees printed or electronically recorded transcripts.

Lastly, plaintiff seeks $2,500.00 in costs associated with witnesses fees pursuant to 28 U.S.C. 1920(3) and 28 U.S.C. § 1821. Specifically, plaintiff asks for $1,000 for Dr. George Paletta and $1,500.00 for Dr. David King for their depositions. Defendants argue that plaintiff cannot recover for the deposition fee of the experts but may recover $40.00 each for the depositions under 28 U.S.C. § 1821(b). The Court agrees with defendants.

With the exception of court-appointed expert witnesses, witness fees are limited to $40.00 per day of attendance at trial or deposition as well as expenses incurred for travel and subsistence. *See Bankston v. State of Illinois*, 60 F.3d 1249, 1257 (7th Cir. 1995); 28 U.S.C. § 1821. Beyond that modest amount, "expert witness expenses may not be calculated as part of attorneys' fees or general litigation costs except as allowed by specific provisions of fee-shifting statutes." *Bankston*, 60 F.3d at 1257. *See also Chicago College of Osteopathic Med. v. George A. Fuller Co.,* 801 F .2d 908, 911 (7th Cir.1986); *Illinois v.*

*Sangamo Construction Co.*, 657 F.2d 855, 864-65 (7th Cir.1981) (holding that a party may "recover as costs of suit for expert witnesses only the amount specified in 28 U.S.C. § 1821"). Clearly, plaintiff is not entitled to the $2,500.00 in deposition fees. Thus, the Court **AWARDS** $80.00 for the attendance at the depositions.

Accordingly, the Court **GRANTS in part** and **DENIES in part** plaintiff's Bill of Costs. The Court **AWARDS** plaintiff $1,825.25 in costs.

**IT IS SO ORDERED.**

Signed this 25th day of November, 2013.

Digitally signed by David R. Herndon
Date: 2013.11.25 11:37:17 -06'00'

**Chief Judge**
**United States District Court**